**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3224

_____

UNITED STATES OF AMERICA

v.

EDWARD MONTGOMERY,
                                Appellant.

_____

On Appeal from the United States District Court
for the District of Middle Pennsylvania
(D.C. No. 1:08-CR-00155-1)
District Judge: Honorable Christopher C. Conner

_____

Submitted under Third Circuit LAR 34.1 (a)
on March 25, 2010

Before: RENDELL, FUENTES and CHAGARES, Circuit Judges.

(Filed: May 14, 2010)

_____

OPINION OF THE COURT

_____

CHAGARES, Circuit Judge.

Counsel for Edward Montgomery has moved, pursuant to Anders v. California, 386 U.S. 738 (1967), for permission to withdraw as counsel in this case. For the reasons that follow, we will grant the motion and affirm Montgomery's sentence.[1]

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. On March 26, 2009, Montgomery pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On April 8, 2009, the District Court conducted a plea colloquy during which Montgomery acknowledged that the offense "carries with it a statutory minimum term of imprisonment of five years." Appendix 43. On July 20, 2009, Montgomery was sentenced to, inter alia, five years of imprisonment. Montgomery filed timely notice of appeal on July 29, 2009.

II.

Montgomery's counsel petitions this Court to withdraw as attorney of record, arguing that there are no non-frivolous issues that can be advanced on appeal. A copy of defense counsel's brief was furnished to Montgomery, and he was given thirty days to file a brief on his own behalf. Montgomery timely filed a pro se brief arguing that the District

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

Court committed plain error by miscalculating his criminal history category, thereby rendering him ineligible for "a reduction from his (60) month mandatory minimum term pursuant to § 5C1.2 of the [United States Sentencing G]uidelines." Appellant's Pro Se Brief at 5.

Section 5C1.2 of the Sentencing Guidelines limits the applicability of statutory minimum sentences in certain cases, as set forth in 18 U.S.C. § 3553(f). For offenses under 21 U.S.C. § 841, the court may impose a sentence without regard to any statutory minimum where, inter alia, "the defendant does not have more than 1 criminal history point." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

At the time of his offense, Montgomery's criminal history included a conviction in state court for driving under the influence. The state court imposed a sentence of 48 hours to 1 year of imprisonment for that conviction. Under the Sentencing Guidelines, this conviction yielded two criminal history points because Montgomery's prior sentence of imprisonment was "at least sixty days," § 4A1.1, as measured by the "maximum sentence imposed," § 4A1.2(b). The District Court therefore correctly assigned two criminal history points and properly concluded that the statutory minimum sentence applied.

Evaluation of an Anders brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous, and (2) whether an independent review of the record presents any

3

non-frivolous issues.  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).  Where a pro se brief is filed, "our examination of the record is informed by those issues raised in Appellant's pro se brief."  Id. at 301.

Montgomery's counsel combed through the record and concluded that there are no appeal issues as to:  (1) jurisdiction; (2) the procedural validity or voluntariness of the guilty plea; or (3) the legality or reasonableness of the sentence.  Likewise, our independent review of "those portions of the record identified by [the] Anders brief" and Montgomery's pro se brief reveals no non-frivolous issue Montgomery might profitably raise on appeal.  See id.  The District Court did not abuse its discretion by imposing the mandatory minimum sentence under 21 U.S.C. § 841(b).  Having considered the arguments raised in Montgomery's pro se brief, we conclude that counsel's brief in this case is adequate.

Accordingly, we will grant counsel's motion to withdraw and affirm Montgomery's sentence.